ORIGINAL

1 | ALEJANDRO N. MAYORKAS
United States Attorney
2 | JOHN S. GORDON
Assistant United States Attorney
3 | Chief, Criminal Division
ELLYN MARCUS LINDSAY
4 | Assistant United States Attorney
Major Frauds Section (Cal. State Bar #116947)
5 |     1100 United States Courthouse
    312 North Spring Street
6 |     Los Angeles, California 90012
    Telephone: (213) 894-2041
7 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

8

                UNITED STATES DISTRICT COURT

9

        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,   )   No. SA CR 99-143-GLT

11 |                       )
           Plaintiff,   )   PLEA AGREEMENT FOR DEFENDANT

12 |                       )   KEITH ROBERT DROHAN
          v.         )

13 |                       )
KEITH ROBERT DROHAN,     )

14 |                       )
          Defendant.   )

15 | _____)

16 |     1.   This constitutes the plea agreement between KEITH

17 | ROBERT DROHAN ("defendant") and the United States Attorney's

18 | Office for the Central District of California ("the U.S.

19 | Attorney's Office") in the above-captioned case.  This agreement

20 | is limited to the U.S. Attorney's Office and cannot bind any

21 | other federal, state or local prosecuting, administrative or

22 | regulatory authorities.

23 |                         PLEA

24 |     2.   Defendant agrees to plead guilty to count twelve of the

25 | indictment in United States v. Keith Robert Drohan, No. SA CR 99-

26 | 143-GLT.

27

28



ENTER ON ICMS

DEC 12 2000

(36)

## NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count twelve,
which charges a violation of Title 18, United States Code,
Section 1343, the following must be true: (1) defendant executed
or participated in a scheme or artifice for obtaining money or
property by making false promises or statements; (2) defendant
knew that the promises or statements were false; (3) the promises
or statements were of a kind that would reasonably influence a
person to part with money or property; (4) defendant acted with
the intent to defraud; and (5) defendant made, or caused to be
made, a facsimile transmission across state lines to carry out
the scheme.

## PENALTIES AND RESTITUTION

4.   The statutory maximum sentence that the Court can impose
for each violation of Title 18, United States Code, Section 1343
is: five years imprisonment; a three-year period of supervised
release; a fine of $250,000 or twice the gross gain or gross loss
resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.

5.   Supervised release is a period of time following
imprisonment during which defendant will be subject to various
restrictions and requirements.  Defendant understands that if
defendant violates one or more of the conditions of any
supervised release imposed, defendant may be returned to prison
for all or part of the term of supervised release, which could
result in defendant serving a total term of imprisonment greater

1 than the statutory maximum stated above.

2     6.    Defendant understands that defendant will be required

3 to pay full restitution to the victims of the wire fraud scheme

4 or artiface alleged in the indictment. Defendant reserves the

5 right to argue the scope of the scheme, and which victims were

6 included in the scheme. Defendant agrees that, in return for the

7 U.S. Attorney's Office's compliance with its obligations under

8 this agreement, the amount of restitution is not restricted to

9 the amounts alleged in the counts to which he is pleading guilty,

10 and may include losses arising from counts dismissed and charges

11 not prosecuted pursuant to this agreement as well as all relevant

12 conduct in connection with those counts and charges. Defendant

13 further agrees that defendant will not seek the discharge of any

14 restitution obligation, in whole or in part, in any present or

15 future bankruptcy proceeding.

16     7.    Defendant agrees to disclose to law enforcement

17 officials the whereabouts of, defendant's ownership interest in,

18 and all other information known to defendant about, all monies,

19 property or assets of any kind, derived from or acquired as a

20 result of, or used to facilitate the commission of, defendant's

21 illegal activities. Defendant further agrees to forfeit all

22 right, title, and interest in and to such items. Defendant agrees

23 to execute and deliver to the U.S. Attorney's Office a completed

24 financial statement (Form OBD-500) listing defendant's assets.

25 Defendant agrees to the entry of an order of forfeiture at or

26 before sentencing with respect to these assets and to the

27

28                     3

1  forfeiture of the assets.

2                              FACTUAL BASIS

3      8.   Defendant and the U.S. Attorney's Office agree to the

4  following statement of facts:

5           In approximately March 1996, defendant formed 3D
   Network Design, Incorporated ("3D").  3D sold computer
6  hardware and software systems to physicians and medical
   organizations across the United States.  Customers would be
7  told that, for a substantial fee, 3D would install these
   computer systems and revolutionize the customer's business.
8  The 3D computer system had many problems.  In addition,
   several customers purchased computer systems from 3D that
9  they never received.  Defendant caused two victims,
   including Dr. Dhimon, to report to the institution providing
10 financing for the system that the hardware had been
   received, in order that the institution would forward to 3D
11 payment for the system.

12          In connection with the above-described scheme or
   artiface to defraud, on December 22, 1998, defendant sent a
13 facsimile transmission from Westminster, California, to
   Doctor Dhiman, in Joliet, Illinois, instructing Dr. Dhiman
14 to represent that computer equipment was received, when in
   fact it was not.

15
                   WAIVER OF CONSTITUTIONAL RIGHTS
16
       9.   By pleading guilty, defendant gives up the right to
17
   persist in a plea of not guilty and the right to a speedy and
18
   public trial by jury.  At any trial, whether by jury or by the
19
   Court, defendant would have the following rights, which defendant
20
   now gives up:
21
            a)   The right to the assistance of counsel, including,
22
   if defendant could not afford an attorney, the right to have the
23
   Court appoint one to represent defendant.
24
            b)   The right to be presumed innocent and to have the
25
   burden of proof placed on the government to prove defendant
26
   guilty beyond a reasonable doubt.
27

28                                  4

1        c)    The right to confront and cross-examine witnesses

2  against defendant.

3        d)    The right, if defendant wished, to testify on

4  defendant's own behalf and present evidence in opposition to the

5  charges, including the right to call witnesses and to subpoena

6  those witnesses to testify.

7        e)    The right not to be compelled to testify, and, if

8  defendant chose not to testify or present evidence, to have that

9  choice not be used against defendant.

10       By pleading guilty, defendant also gives up any and all

11  rights to pursue any affirmative defenses, Fourth Amendment or

12  Fifth Amendment claims, and other pretrial motions that have been

13  filed or could be filed.

14                        SENTENCING FACTORS

15       10.  Defendant understands that the Court is required to

16  consider and apply the United States Sentencing Guidelines but

17  may depart from those guidelines under some circumstances.

18       11.  Defendant and the U.S. Attorney's Office agree and

19  stipulate to the following applicable sentencing guideline

20  factors:

21           a)    The parties agree that pursuant to Sentencing

22                 Guidelines Section 2F1.1(a) the base offense level

23                 for defendant's offenses is 6;

24           b)    The government will argue that defendant's base

25                 offense level should be increased by 9 levels

26                 pursuant to Section 2F1.1(b)(1)(J) because the

27

28                              5

1           amount of loss is greater than $350,000 but not

2           greater than $500,000.  Defendant will argue that

3           the loss is less than this amount.

4      c)     The parties further agree that defendant's offense

5           level should be increased by 2 levels pursuant to

6           Section 2F1.1(b)(2) because the offense involved

7           more than minimal planning and more than one

8           victim.

9      d)     The U.S. Attorney's Office agrees to recommend a

10          two-level reduction in the applicable sentencing

11          guideline offense level, pursuant to Sentencing

12          Guidelines § 3E1.1, provided the conditions

13          specified in paragraph 15(c) are met.  If

14          defendant's offense level is 16 or higher prior to

15          the application of the adjustment for acceptance

16          of responsibility, the U.S. Attorney's Office

17          agrees to recommend an additional one-point

18          reduction in the applicable sentencing guideline

19          offense level, pursuant to Sentencing Guidelines §

20          3E1.1(b), provided the conditions specified in

21          paragraph 15(c) are met.

22     Defendant and the U.S. Attorney's Office further agree that

23  no additional specific offense characteristics, adjustments and

24  departures apply, except that defendant may argue for a downward

25  departure.  If, however, after the signing of this agreement but

26  prior to sentencing, the defendant were, in the judgment of the

27

28                       6

1   government, to commit an act constituting obstruction of justice

2   within the meaning of Sentencing Guideline § 3C1.1, the

3   government would be free to seek the enhancement set forth in

4   that section.

5        12.  There is no agreement as to defendant's criminal

6   history or criminal history category.

7        13.  Defendant understands that neither the United States

8   Probation Office nor the Court is bound by any stipulation in

9   this agreement, and that the Court, with the aid of the

10  presentence report, will determine the facts and calculations

11  relevant to sentencing.  Both defendant and the U.S. Attorney's

12  Office are free to supplement the facts stipulated to in this

13  agreement by supplying relevant information to the United States

14  Probation Office and the Court, and to correct any and all

15  factual misstatements relating to the calculation of the

16  sentence.  Defendant understands that if the Court finds facts or

17  reaches conclusions different from those in any stipulation

18  contained in this agreement, defendant cannot, for that reason

19  alone, withdraw defendant's guilty plea.  In the event that the

20  Court's sentencing calculations are different than those set

21  forth in paragraph 11 above, each party agrees to maintain its

22  view on appeal or collateral review that the calculations in

23  paragraph 11 are consistent with the facts of this case, but

24  reserves the right to argue on appeal and collateral review that

25  the Court's calculations are not error.

26

27

28

DEFENDANT'S OBLIGATIONS

14.   Defendant agrees:

a)   To plead guilty as set forth in this agreement.

b)   To abide by all sentencing stipulations contained in this agreement.

c)   To appear as ordered for all court appearances, to surrender as ordered for service of sentence, to obey all conditions of any bond, and to obey all other court orders.

d)   Not to commit any crime.

e)   To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f)   To pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay.

THE U.S. ATTORNEY'S OFFICE'S OBLIGATIONS

15.   If defendant complies fully with all defendant's obligations under this agreement, the U.S. Attorney's Office agrees:

a)   To abide by all sentencing stipulations contained in this agreement.

b)   At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, and the propriety and extent of any

8

1  departure from that range.

2          c)   At the time of sentencing, provided that defendant

3  demonstrates an acceptance of responsibility for the offenses up

4  to and including the time of sentencing, to recommend a two-level

5  reduction in the applicable sentencing guideline offense level,

6  pursuant to U.S.S.G. § 3E1.1, and an additional one-level

7  reduction if available under that section.

8                        <u>BREACH OF AGREEMENT</u>

9      16.   If defendant, at any time between the execution of this

10  agreement and defendant's sentencing on a non-custodial sentence

11  or surrender for service on a custodial sentence, knowingly

12  violates or fails to perform any of defendant's obligations under

13  this agreement ("a breach"), the U.S. Attorney's Office may

14  declare this agreement breached.  If the U.S. Attorney's Office

15  declares this agreement breached, and the Court finds such a

16  breach to have occurred, defendant will not be able to withdraw

17  defendant's guilty pleas, and the U.S. Attorney's Office will be

18  relieved of all of its obligations under this agreement.

19      17.   Following a knowing and willful breach of this

20  agreement by defendant, should the U.S. Attorney's Office elect

21  to pursue any charge, or any civil or administrative action, that

22  was either dismissed or not filed as a result of this agreement,

23  then:

24          a)   Defendant agrees that the applicable statute of

25  limitations is tolled between the date of defendant's signing of

26  this agreement and the U.S. Attorney's Office's discovery of any

27

28                                    9

1 | knowing and willful breach by defendant.

2 |         b)    Defendant gives up all defenses based on the

3 | statute of limitations, any claim of preindictment delay, or any

4 | speedy trial claim with respect to any such prosecution or

5 | action, except to the extent that such defenses existed as of the

6 | date of defendant's signing of this agreement.

7 |                        SCOPE OF THE AGREEMENT

8 |    18.   The Court is not a party to this agreement and need not

9 | accept any of the U.S. Attorney's Office's sentencing

10 | recommendations or the parties' stipulations.  Even if the Court

11 | ignores any sentencing recommendation, finds facts or reaches

12 | conclusions different from any stipulation, and/or imposes any

13 | sentence up to the maximum established by statute, defendant

14 | cannot, for that reason, withdraw defendant's guilty plea, and

15 | defendant will remain bound to fulfill all defendant's

16 | obligations under this agreement.  No one -- not the prosecutor,

17 | defendant's attorney, or the Court -- can make a binding

18 | prediction or promise regarding the sentence defendant will

19 | receive, except that it will be within the statutory maximum.

20 |    19.   This agreement applies only to crimes committed by

21 | defendant, has no effect on any proceedings against defendant not

22 | expressly mentioned herein, and shall not preclude any past,

23 | present, or future forfeiture actions.

24 |                     NO ADDITIONAL AGREEMENTS

25 |    20.   Except as set forth herein, there are no promises,

26 | understandings or agreements between the government and defendant

27 |

28 |                               10

1 | or defendant's counsel.  Nor may any additional agreement,
2 | understanding or condition be entered into unless in a writing
3 | signed by all parties or on the record in court.
4 |
5 | AGREED AND ACCEPTED
6 | UNITED STATES ATTORNEY'S OFFICE
  | FOR THE CENTRAL DISTRICT OF CALIFORNIA
7 |
8 | ALEJANDRO N. MAYORKAS
  | United States Attorney
9 |
10 |
11 | ELLYN MARCUS LINDSAY
  | Assistant United States Attorney
12 | Major Frauds Section
13 |     I have read this agreement and carefully discussed every
14 | part of it with my attorney.  I understand the terms of this
15 | agreement, and I voluntarily agree to those terms.  My attorney
16 | has advised me of my rights, of possible defenses, of the
17 | Sentencing Guideline provisions, and of the consequences of
18 | entering into this agreement.  No promises or inducements have
19 | been made to me other than those contained in this agreement.  No
20 | one has threatened or forced me in any way to enter into this
21 |
22 | //
23 |
24 | //
25 |
26 |
27 |
28 |                                11

1  agreement.  Finally, I am satisfied with the representation of my

2  attorney in this matter.

3

4  KEITH ROBERT DROHAN                          Date  12/6/00
   Defendant

5

6        I am Keith Robert Drohan's attorney.  I have carefully

7  discussed every part of this agreement with my client.  Further,

8  I have fully advised Mr. Drohan of possible defenses, of the

9  Sentencing Guideline provisions, and of the consequences of

10 entering into this agreement.  To my knowledge, my client's

11 decision to enter into this agreement is an informed and

12 voluntary one.

13

14  LEON LEWIS PETERSON                          Date  12-6-00

15  Counsel for Defendant
    Keith Robert Drohan

16

17

18

19

20

21

22

23

24

25

26

27

28                          12

<u>CERTIFICATE OF SERVICE</u>

I, Belinda B. Tunque, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **STIPULATION TO CONTINUE SENTENCING DATE; [PROPOSED] ORDER THEREON**

service was:

[ ]  Placed in a closed     [X]  Placed in a sealed
     envelope, for collection      envelope for collection and
     and interoffice delivery      mailing via United States Mail,
     addressed as follows:         addressed as follows:

[ ]  By hand delivery       [ ]  By facsimile as follows:
     addressed as follows:

[ ]  By messenger as follows: [ ]  By federal express as follows:

**LEON PETERSON, ESQ.**
**Deputy Federal Public Defender**
**Office of the Federal Public Defender**
**411 West 4th Street, Suite 7110**
**Santa Ana, CA  92701-4598**

This Certificate is executed on December 8, 2000, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Belinda B. Tunque*
BELINDA B. TUNQUE